IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| PETER NEWMAN, | : | Case No. 3:18-cv-252 |
| | : | |
| Plaintiff, | : | Judge Thomas M. Rose |
| | : | |
| v. | : | |
| | : | |
| UNIVERSITY OF DAYTON, et al., | : | |
| | : | |
| Defendants. | : | |

**ENTRY AND ORDER DENYING PLAINTIFF'S MOTION FOR RECUSAL, TO CONSOLIDATE HIS FOUR CASES, AND TO TRANSFER THE FOUR CONSOLIDATED CASES TO MAGISTRATE NEWMAN (DOC. 4)**

This case is before the Court on Plaintiff Peter Newman's Motion for Recusal, to Consolidate His Four Cases, and to Transfer the Four Consolidated Cases to Magistrate Judge Newman (Doc. 4). Plaintiff's Motion contains two separate requests, namely that the undersigned recuse himself from this case pursuant to 28 U.S.C. § 455(a) and that the Court consolidate this case with three other cases (Case No. 3:18-cv-88, Case No. 3:18-cv-89, Case No. 3:17-cv-179).

There is no indication in the record that Plaintiff has served Defendants the University of Dayton, Karen T. Dunlevey and Jackson Lewis P.C. Consequently, they have not been made parties to this action and have not received service of Plaintiff's instant Motion. Defendants' response is unnecessary, however, because Plaintiff filed identical motions in two other cases before this Court. The Court has ruled on those motions and does not require any additional briefing to rule on the instant Motion in this case.

As discussed below, Plaintiff has not shown evidence of any personal bias against him derived from any extrajudicial source. As a result, the undersigned will not recuse himself from

this case.  The Court also denies Plaintiff's request to consolidate this case with his other cases because one of those cases is currently on appeal and the other two are against different defendants. Plaintiff's Motion (Doc. 4) is therefore **DENIED**.

I. **MOTION FOR RECUSAL**

Plaintiff relies on the same grounds for recusal in the instant Motion that he relied on in the motions to recuse filed in Case Nos. 3:18-cv-88 and 89.  (Doc. 4 at 4.)  Plaintiff argues that the undersigned Judge is biased against him based on rulings in a related case, captioned *Peter Newman v. University of Dayton*, *et al.*, Case No. 3:17-cv-179.  Specifically, Plaintiff has pointed to three Orders: (1) the Court's Order granting a motion to strike Plaintiff's memorandum in opposition to the Defendants' motion to dismiss, (2) the Court's Order denying Plaintiff's motion for reconsideration of the Order granting the motion to strike, and (3) the Court's Order granting the Defendants' motion to dismiss.  (Case No. 3:27-cv-179, Docs. 22, 28, 38.)  None of these Orders, however, reveals any personal bias against Plaintiff.

Under 28 U.S.C. §455, a judge must recuse himself from a case "in which his impartiality might reasonably be questioned."  28 U.S.C. § 455(a).  In addition, a judge must disqualify himself "[w]here he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding."  28 U.S.C. § 455(b)(1).

The Sixth Circuit has held that the standard for recusal under section 455 is "straightforward and well-established":

> A district judge is required to recuse himself "'only if a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned.'"  *United States v. Story,* 716 F.2d 1088, 1091 (6th Cir.1983) (quoting *Trotter v. International Longshoremen's & Warehousemen's Union,* 704 F.2d 1141, 1144 (9th Cir.1983)).  This standard is *objective* and is not

2

> based "on the subjective view of a party." *Browning v. Foltz,* 837 F.2d 276, 279 (6th Cir.1988), *cert. denied,* 488 U.S. 1018, 109 S.Ct. 816, 102 L.Ed.2d 805 (1989).
>
> Prejudice or bias must be personal, or extrajudicial, in order to justify recusal. *Id.* at 279. "Personal" bias is prejudice that emanates from some source other than participation in the proceedings or prior contact with related cases. *Demjanjuk v. Petrovsky,* 776 F.2d 571, 577 (6th Cir.1985), *cert. denied,* 475 U.S. 1016, 106 S.Ct. 1198, 89 L.Ed.2d 312 (1986). Personal bias arises out of the judge's background and associations. The critical test is whether the alleged bias "stem[s] from an extrajudicial source and result[s] in an opinion on the merits on some basis other than what the judge learned from his participation in the case." *United States v. Grinnell Corp.,* 384 U.S. 563, 583, 86 S.Ct. 1698, 1710, 16 L.Ed.2d 778 (1965).

*Wheeler v. Southland Corp.*, 875 F.2d 1246, 1251–52 (6th Cir. 1989)

Plaintiff fails to allege any personal prejudice or bias justifying recusal. His Motion is based exclusively on the undersigned's judicial conduct in presiding over Plaintiff's prior lawsuit. Without any allegation of an extrajudicial source of bias, the Motion for Recusal is deficient and must be denied. *See*, *e.g.*, *United States v. Jamieson*, 427 F.3d 394, 405 (6th Cir.2005); *Rhodes v. McDannel*, 945 F.2d 117, 120 (6th Cir. 1991).

## II. <u>**MOTION TO CONSOLIDATE**</u>

Plaintiff asks the Court to consolidate this case with a prior case against the University of Dayton, now on appeal, and his pending cases against the Ohio Civil Rights Commission. On September 28, 2018, the Court consolidated Plaintiff's two cases against the Ohio Civil Rights Commission because the two cases involved nearly identical legal issues, although in the context of different claims presented to the Ohio Civil Rights Commission, and the same defendants. The differences between those cases and this case are significant enough, however, that consolidation would not advance the goals of "convenience and economy in judicial administration." *Consolidation—When Permissible*, 9A Fed. Prac. & Proc. Civ. § 2382 (3d ed.).

Likewise, consolidation of this case with Plaintiff's prior case against the University of

3

Dayton also would not serve to advance the just and speedy resolution of this case. *See* Fed. R. Civ. P. 1. The Court granted the Defendants' Motion to Dismiss as to all claims in Plaintiff's prior case, and it is currently on appeal to the Sixth Circuit. Consolidating this case with a case on appeal would only insert delay into this case. If the Sixth Circuit determines that Plaintiff's prior case should be re-opened, then he may re-new his motion for consolidation. The instant Motion is denied.

### III. CONCLUSION

For the reasons above, Plaintiff's Motion for Recusal, to Consolidate His Four Cases, and to Transfer the Four Consolidated Cases to Magistrate Judge Newman (Doc. 4) is **DENIED**.

**DONE** and **ORDERED** in Dayton, Ohio, this Wednesday, October 17, 2018.

s/Thomas M. Rose

———————————————
THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE