# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| PETER K. NEWMAN, | : | Case No. 3:18-cv-00252 |
| Plaintiff, | : | District Judge Thomas M. Rose |
| vs. | : | Magistrate Judge Sharon L. Ovington |
| UNIVERSITY OF DAYTON, et al., | : | |
| Defendants. | : | |

## REPORT AND RECOMMENDATIONS[1]

Plaintiff Peter K. Newman, a resident of Dayton, Ohio, brings this case *pro se* naming as Defendants the University of Dayton, attorney Karen Dunlevey, and Jackson Lewis P.C.

The Court previously ordered Plaintiff to show cause, not later than January 7, 2019, why this case should not be dismissed for failure to prosecute. The Order to Show Cause explained that Plaintiff had not returned to the Clerk of Court a summons and other forms necessary to effect timely service, and more than 90 days had passed without proof of service being entered in the record. Plaintiff did not respond to this Order by January 7, 2019. The only response Plaintiff provided occurred during a phone call on January 22, 2019. He explained to Chambers staff that he had suffered from pneumonia and, as a result, could not file a response to the Order To Show Cause. He also informed

---

[1] Attached is a NOTICE to the parties regarding objections to this Report and Recommendations.

Chambers staff that he intended to file a Motion for Extension of Time and proof of service. Yet, as of the date and time of this Report, Plaintiff has not filed a Motion for Extension or proof of service.

Other than filing his Complaint and Motions for Recusal, To Consolidate His Four Cases, and To Transfer His Consolidated Cases to Magistrate Judge Newman (doc. #4)—which the Court denied in October 2018 (doc. #5)—Plaintiff has not prosecuted this case. He has not filed a summons returned as executed and the time is well past for him to do so under Fed. R. Civ. P. 4(m). He has not filed any document in response to the Court's Order to Show Cause by January 7, 2019, he has not filed a document in the record of the case explaining why his case should not be dismissed for failure to prosecute. The Court, moreover, has provided Plaintiff with more than three weeks since his response to the Order to Show Cause was due to comply with its mandate.

The Court finds that Plaintiff has engaged in a clear pattern of delay by not effecting service of summons, by not properly responding to the Order to Show Cause, and by not otherwise participating in this case after filing his Motions in October 2018. One effect of Plaintiff's failure to comply with the Court's Order to Show cause is that the record is void of an explanation by Plaintiff for his failure to effect service. Absent such an explanation, and in light of the above circumstances, Plaintiff's clear pattern of delay warrants dismissal of this case pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962); *see also Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991); *Harris v. Callwood*, 844 F.2d 1254, 1256 (6th Cir. 1988).

## IT IS THEREFORE RECOMMENDED THAT:

1. Plaintiff's Complaint be dismissed; and

2. The case be terminated on the Court's docket.


January 29, 2019                                *s/Sharon L. Ovington*
                                                Sharon L. Ovington
                                                United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within FOURTEEN days after being served with this Report and Recommendations. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within FOURTEEN days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947, 949-50 (6th Cir. 1981).